**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**QUENTIN ROSE and**
**LAKHRAJ MANOHAR**                                                                        **PLAINTIFFS**

V.                              CASE NO. 3:16-CV-40-DPM-BD

**CRAIGHEAD COUNTY DETENTION FACILITY**                                **DEFENDANT**

**RECOMMENDED DISPOSITION**

I.    **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of the date of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

II.   **Discussion:**

A.    Lakhraj Manohar

On February 3, 2016, Plaintiff Lakhraj Manohar, then an inmate in the Craighead County Detention Facility, filed this action pro se under 42 U.S.C. § 1983, purporting to bring constitutional claims on behalf of himself and Quentin Rose.  (Docket entry #1) Mr. Manohar did not immediately submit an *in forma pauperis* (IFP) application.

Because of his litigation history, Mr. Manohar would not have been eligible for IFP status in federal court absent allegations of imminent danger, and he did not plead facts indicating that he was in immediate peril.[1] The Court ordered Mr. Manohar to pay the $400 filing fee within thirty days. (#2)

On February 17, 2016, Mr. Manohar filed a notice of change of address (#4) indicating that he had been released from custody and also a motion to proceed IFP, which the Court denied. (#5, #6) Mr. Manohar was ordered to pay the statutory filing fee by March 14, 2016, or risk having his claims dismissed. (#6)

Mr. Manohar has asked the court to reconsider the decision to deny him IFP status. The so-called "three strikes" rule bars prisoners from proceeding IFP if they have filed three or more federal cases that were dismissed as frivolous or malicious, or for failure to state a claim for relief.[2] 28 U.S.C. § 1915(g). Plaintiffs subject to the three-strikes bar must immediately pay the filing fee if they wish to proceed with their lawsuits.

Mr. Manohar was a prisoner at the time he filed this lawsuit, but he had been released from custody at the time he filed a motion for IFP status. The statute does not specifically address whether a person such as Mr. Manohar, who was a prisoner at the

---

[1] The following dismissals constitute "strikes" against Mr. Manohar for purposes of determining eligibility for IFP status: *Manohar v. Arkansas*, et al., E.D. Ark. Case No. 3:14cv218 (dismissed Oct. 9, 2014); *Manohar v. Lyles*, et al., E.D. Ark. Case No. 3:14cv240 (dismissed Nov. 4, 2014); *Manohar v. Hall*, E.D. Ark. Case No. 3:14cv246 (dismissed Nov. 5, 2014).

[2] There is an exception, of course, if these plaintiffs plead facts indicating that they are in immediate danger of serious physical injury.

time the lawsuit was filed but was released from custody when the motion to proceed IFP was filed, is subject to the three-strikes rule. The Court of Appeals for the Eighth Circuit has not addressed this issue, but federal courts in other circuits have held that the three-strikes rule applies to all lawsuits filed by prisoners, even if those plaintiffs are later released from custody. See *Gibson v. City of New York*, 692 F.3d 198, 201 (2nd Cir. 2012); *Harris v. City of New York*, 607 F.3d 18, 20-21 (2nd Cir. 2010); *Torns v. Miss. Dept. of Corrs.*, 421 Fed. Appx. 316 (5th Cir. 2010) (unpublished decision); *Goodman v. Graham*, 2012 WL 1655699 (S.D.Ga. May 2, 2012). In *Harris*, the Court explained that, "[t]he use of the word 'bring' [in § 1915(g)] offers a clear indication that the provision goes into effect – and bars the suit under the *in forma pauperis* section – at the moment the plaintiff files his complaint or notice of appeal." *Harris*, 607 F.3d at 21-22.

Because Mr. Manohar was subject to the three-strikes rule at the time he filed this lawsuit, his motion to reconsider his application for IFP status (#11) should be denied. Furthermore, because he has not paid the filing fee within the time allowed, his claims should now be dismissed, without prejudice.

B.  Quentin Rose

On February 10, 2016, the Court ordered Mr. Rose to either pay the $400 statutory filing fee or file an IFP application within thirty days if he wanted to pursue claims raised in this lawsuit. (#2) That Order, however, was returned to the Court marked "return to sender" and "unable to forward," indicating that Mr. Rose had been released from

custody. (#7) On February 23, 2016, the Court ordered Mr. Rose update his address within thirty days or risk dismissal of his claims.

To date, Mr. Rose has not complied with the Court's February 23, 2016 Order, and the time for doing so has passed. Mr. Rose's claims should be dismissed, without prejudice, based on his failure to comply with the Court's February 23, 2016 Order.

**III. Conclusion:**

The Court recommends that Mr. Manohar's motion for reconsideration (#11) be DENIED, and that all claims raised by Mr. Manohar and Mr. Rose be DISMISSED, without prejudice, because neither has satisfied the filing fee requirement as ordered.

DATED this 5th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE